# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FREEDOM ENVIRONMENTAL
SERVICES, INC.,**

       **Plaintiff,**

-vs-                                                  **Case No. 6:12-cv-665-Orl-22DAB**

**MICHAEL BORISH, COLONIAL STOCK
TRANSFER COMPANY, INC., BRETT
ROWLAND, MARC BARHONOVICH,
REGINALD M. BERTHIAUME, and JOHN
DOES 1 THROUGH 5,**

       **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration with oral argument[1] on the Court's review of the file, the testimony at the evidentiary hearing, and review of the Complaint. In what is essentially a dispute between and among members of the Board of Directors and officers of the Freedom Environmental Services, Inc., three of the directors have filed suit, acting as the corporation, against the chief executive officer, one of the putative directors, the stock transfer company, and a stock promoter. They allege subject matter jurisdiction in the Verified Complaint based on diversity of citizenship, 28 U.S.C. § 1332, and federal question – federal securities fraud, 28 U.S.C. § 1331 and 15 U.S.C. §78aa. Because the Court finds that it lacks jurisdiction on either basis, it is respectfully **RECOMMENDED** that the case be **DISMISSED.**

---

[1] On June 19, 2012, the Court held an evidentiary hearing on the Motion to Reopen the Case and to Strike Both the Notice of Appearance and the Unauthorized Voluntary Dismissal (Doc. 11) filed by Attorney Michael Scaglione, Esq. and the Response in Opposition to Motion to Reopen (Doc. 12) filed by Attorney Gus R. Benitez, Esq. A separate order will be entered on the issues raised in those filings.

On May 2, 2012, three members of the Board of Directors[2] of Plaintiff Freedom Environmental Services, Inc. ("Freedom Inc.[3]"), filed a Verified Complaint against Freedom's Chief Executive Officer (Michael Borish) and others involved in selling Freedom Inc.'s stock for two alleged counts of securities fraud (Counts I and II) and state law claims of conversion, civil theft, breach of fiduciary duties, civil conspiracy, injunctive, equitable, and declaratory relief (Counts III to VIII).

Freedom Inc. is alleged to be a Delaware corporation with "its principal place of business in New Castle County, Delaware." Doc. 1-8 ¶ 1. Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373. For diversity purposes, a corporation is a citizen of (1) its state of incorporation; **and** (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1192-93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship).

---

[2]Harvey Blonder, Gary Goldstein, and Ted Doukas. Doc. 1-8 at 32-33.

[3]For purposes of discussing subject matter jurisdiction in this Report and Recommendation **only**, the Court will refer to the Plaintiff as "Freedom Inc." even though there is a significant dispute as to the three Board members' authority to bring suit on behalf of the corporation. Issues of authority to act on behalf of the corporation will be discussed in a separate Order.

Based on the testimony of Gary Goldstein at the evidentiary hearing, Freedom, Inc. is a "shell corporation" or a holding company that does not operate a separate business, but holds the assets of two subsidiary corporations, Brownies Waste Water Solutions, Inc., and Grease Retrieval, Inc., both of which operate in Florida. Freedom, Inc., the holding company for both, does not conduct any business in Delaware, its Board of Directors does not meet in Delaware, and the officers of Freedom, Inc. live and work in Florida. Under the test established by the Supreme Court in *Hertz*, Freedom, Inc. has its "nerve center" in Florida. Because Plaintiff Freedom, Inc. and Defendants Borish, Rowland, Barhonovich, and Berthiaume are Florida citizens, there is a lack of diversity between the parties. Therefore, subject matter jurisdiction cannot be based on diversity jurisdiction.

Freedom, Inc.'s alternative basis for jurisdiction, federal question based on federal securities fraud, 28 U.S.C. § 1331, is equally unavailing. Freedom, Inc. alleges two claims for securities fraud: violations of Section 10(b) of the Exchange Act (and Rule 10b-5) and Section 17(a) of the Securities Act. As the Eleventh Circuit explained in *Pelletier v. Stuart-James Co., Inc.*, 863 F.2d 1550, (11th Cir. 1989):

> The United States Supreme Court, in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975), held that a private damages action under Section 10(b) and Rule 10b-5 is confined to actual purchasers or sellers of securities. *Id*. It is equally well established that a contract to purchase or sell securities constitutes the purchase or sale of securities within the meaning of the antifraud provisions of the securities laws. *Id*., 421 U.S. at 750-51, 95 S.Ct. at 1932-33, (citing 15 U.S.C. Sec. 78c(a)(13) and (14)). Accordingly, a person who alleges a violation of Rule 10b-5 must demonstrate that he is an actual purchaser or seller, or that he was party to a legally enforceable contract to purchase or sell securities.

*Id*. at 1554-55 (footnotes omitted). "The *Blue Chip Stamps* Court noted that three principal categories of plaintiffs are excluded from standing: (1) 'potential purchasers of shares . . . who allege that they decided not to purchase because of' the alleged violations; (2) 'actual shareholders in the issuer who allege that they decided not to sell their shares because of' the alleged violations; and (3)

'shareholders, creditors, and perhaps others related to an issuer who suffered loss in the value of their investment due to corporate or insider activities in connection with the purchase or sale of securities which violate Rule 10b-5.'" *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1283 (11th Cir. 2007) (quoting *Blue Chip Stamps*, 421 U.S. at 737-38).

Freedom, Inc., the putative Plaintiff here, is actually the *issuer* of the stock and obviously not "the purchaser" as defined in *Blue Chip Stamps* with standing to complaining of fraud in the transfer of its own stock. *See, e.g., Trustcash Holdings, Inc. v. Moss*, 668 F.Supp.2d 650, 658-59 (D.N.J. 2009) (non-purchasing corporation who issued securities did not have standing in suit against company's former CEO/director and financial advisory company stemming from corporation's fraud in sale of unregistered securities). Although the three directors have brought their securities claims putatively as the corporate entity Freedom, Inc., their claims are nothing more than individual claims about the management of the corporation and the issuance of additional stock. Their claims derive from the loss in the value of their own shares because of the "unauthorized" issuance of additional shares allegedly by Borish who, they allege, has "fraudulently issued Freedom stock to his cronies, co-conspirators, and in some instances, innocent parties under the guise that the stock in Freedom was being issued to consultants, public relations firms, investors, lenders, and others." Doc. 1-8 ¶ 29. They also allege stock was transferred to other Defendants for "investor relations," loans, debt conversion, and through "secret agreements." Doc. 1-8 ¶ 29a - 29e, 32, 33. The three directors' claims fall into the third category of plaintiffs who lack standing – those related to an issuer who suffered loss in the value of their investment due to corporate or insider activities in connection with the change of ownership in the stock. *See Financial Sec.*, 500 F.3d at 1283 (quoting *Blue Chip Stamps*, 421 U.S. at 737-38).

Moreover, as the facts are currently described, there is no allegation of a "sale" of securities – the stock shares were offered in exchange for debt conversion, for public relations work, etc. As the Eleventh Circuit explained in *Pelletier v. Stuart-James Co., Inc.*, 863 F.2d 1550 (11th Cir. 1989), consistent with *Blue Chip Stamps*, a plaintiff must have actually purchased or sold, or entered into an enforceable contract to purchase or sell, securities to have standing under Rule 10b-5. *Id.* at 1554-55. The crux of the three directors' complaint is that there was no actual "sale" of stock, rather it was issued to Defendants' co-conspirators for other reasons. However, the three directors' claims are couched, they (or Freedom, Inc.) are non-purchasers or non-sellers and cannot use the federal securities fraud statutes to pursue what are in actuality claims against officers for corporate mismanagement.

The other basis for Plaintiff's securities fraud claim, violation of Section 17(a) of the Securities Act, does not provide an implied private right of action, as has been repeatedly held by the Eleventh Circuit. *See Currie v. Cayman Res. Corp.*, 835 F.2d 780, 784–85 (11th Cir. 1988) ("We therefore hold that Section 17(a) [of the Securities Act of 1933] does not imply a private cause of action."); *see also Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 653 (11th Cir. 2010) (Tjoflat, J., concurring); *McGee v. S-Bay Development, LLC*, No. 8:11-cv-1091-T-27TGW, 2012 WL 760797, \*4 (M.D. Fla. Mar. 8, 2012); *Power v. Williams,* No. 3:09-cv-594-J-20MCR, 2010 WL 2132001, \*4 (M.D. Fla. Mar. 17, 2010). The Court lacks subject matter jurisdiction over any potential § 17(a) claim brought by a private party (as opposed to the SEC).

Based on the foregoing, it is respectfully **RECOMMENDED** that the District Court dismiss the case for lack of subject matter jurisdiction and decline to exercise of supplemental jurisdiction over the state law claims pursuant to § 1367. The pending motion to re-open should be **DENIED** as moot. However, it is respectfully **RECOMMENDED** that the Court **retain jurisdiction** over the

issue of whether either counsel had the authority to file the case or dismiss the case, which will be addressed in a forthcoming separate order concerning the issues addressed at the June 19, 2012 evidentiary hearing.

Failure to file written objections to the proposed findings and recommendations contained in this report by **June 27, 2012** shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 20, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Any Unrepresented Party
Courtroom Deputy